# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5297**                  **September Term, 2025**

1:24-cv-02184-RC
1:24-cv-02187-RC
1:24-cv-02268-RC
1:24-cv-02563-RC

**Filed On:** September 17, 2025

MaineGeneral Medical Center,

      Appellant

    v.

Thomas J. Engels, in his official capacity as Administrator, Health Resources and Services Administration and Robert F. Kennedy, Jr., in his official capacity as Secretary, United States Department of Health and Human Services,

      Appellees

------------------------------

Consolidated with 25-5298, 25-5299, 25-5300

**BEFORE:** Millett, Pillard, and Garcia, Circuit Judges

# O R D E R

Upon consideration of the emergency motion for stay or injunction pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied. Appellants have not satisfied the stringent requirements for a stay or injunction pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). In particular, appellants have not established that, absent a stay or injunction, they will suffer irreparable harm that is "both certain and great, actual and not theoretical . . . and of such imminence that there is a clear and present need for equitable relief to prevent [it]." Mexichem Specialty Resins, Inc. v. EPA, 787 F.3d 544, 555 (D.C. Cir. 2015) (internal quotation marks omitted).

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5297**                                              **September Term, 2025**

      Although appellants identify harms that would befall them were they to be removed from the 340B Program, they can avoid these harms by participating in the audits. Appellants further argue that participating in the audits would moot appellate review, but they seek relief that would still be effectual after the audits begin. See Chafin v. Chafin, 568 U.S. 165, 172 (2013). Appellants' concerns about the operational burdens of participating in the audits also do not amount to irreparable harm. See FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 244 (1980). Finally, appellants' speculation about the potential disclosure of privileged, confidential, or protected information is insufficient to demonstrate irreparable harm. As appellees point out, the agency's guidelines and the Government Auditing Standards protect appellants' privileged, confidential, and proprietary information from improper release, see Manufacturer Audit Guidelines, 61 Fed. Reg. 65406, 65409 (Dec. 12, 1996), and disclosure of information protected by the Health Insurance Portability and Accountability Act would be authorized for a health oversight agency's "oversight activities authorized by law, including audits," see 45 C.F.R. § 164.512(d)(1). See KalshiEX LLC v. CFTC, 119 F.4th 58, 65-66 (D.C. Cir. 2024) ("[S]imply showing some possibility of irreparable injury . . . is not enough." (citation and internal quotation marks omitted)). Because "a showing of irreparable harm is a necessary prerequisite for a stay," appellants' failure to demonstrate such harm "is fatal to [their] request." Id. at 64.

                                               **Per Curiam**

                                               **FOR THE COURT:**
                                               Clifton B. Cislak, Clerk

                          BY:    /s/
                                  Selena R. Gancasz
                                  Deputy Clerk